IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AVT ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>AJT SERVICES *et al.*,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br>GRANTING PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT<br><br>Case No. 2:20-CV-280-HCN-DAO<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On April 27, 2020, Plaintiff filed its Complaint. *See* Dkt. No. 2. None of the Defendants responded in any way. Two months later, on June 24, 2020, Plaintiff moved for entry of default against the Defendants. *See* Dkt. No. 11. The Clerk of Court entered a certificate of default on July 15, 2020. *See* Dkt. No. 15.

A few weeks later, Defendants moved to set aside the certificate of default. *See* Dkt. No. 18. Although the Complaint was served and mailed to their places of business, Defendants claimed never to have seen it because Mr. Kaputluoglu, the individual Defendant who also owns the three corporate Defendants, was working from home during the height of the COVID-19 pandemic. *See id.* at 4–6. After the parties stipulated to setting aside the default, *see* Dkt. No. 22, the court granted this relief on August 20, 2020, *see* Dkt. No. 23. The court also directed Defendants to answer the Complaint within ten days. *See id.* Defendants belatedly did so on September 16, 2020. *See* Dkt. No. 24.

On July 19, 2021, Plaintiff moved for summary judgment against Defendants AJT Service Co. and Mr. Kaputluoglu. *See* Dkt. No. 29. Plaintiff did not seek summary judgment against Defendants Chicagoan Logistic Co. and NaHaul, Inc. because they had filed for

1

bankruptcy. Defendants never filed a response, sought an extension of the deadline for filing a response, or otherwise communicated with the court after this motion was filed. On August 27, 2021, the court ordered Defendants to "file a brief showing cause why the motion should not be granted" no later than September 10, 2021. Dkt. No. 31. Although more than a month has gone by since this deadline passed, Defendants have not responded to this order.

Federal Rule of Civil Procedure 16(f)(1) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)" when a party "fails to obey a scheduling or other pretrial order." While Federal Rule of Civil Procedure 37(b)(2)(A)(ii)–(vii) does not explicitly include granting a motion for summary judgment against a defaulting party among the sanctions it enumerates, both that Rule and Rule 16(f)(1) authorize the court to issue any "just orders." Given the court's explicit warning of this sanction in its order to show cause, as well as Defendants' complete disregard of that order, the court has little difficulty concluding that granting Plaintiff's motion for summary judgment would be a just order. Indeed, several of the sanctions enumerated in Federal Rule of Civil Procedure 37(b)(2)(A)(ii)–(vii) are comparable to such an order, including, most notably, "rendering a default judgment against the disobedient party."

Plaintiff submitted substantial documentation of its damages, its right of possession, and its right to foreclose on Defendants' assets in connection with its motion for summary judgment. *See* Dkt. No. 29-2–7. The court will accordingly enter judgment for Plaintiff and against Defendants AJT Service Co. and Serkan B. Kaputluoglu in the amount of $558,865.09, plus interest on this amount at the rate of eighteen percent per annum from July 7, 2021 to the satisfaction of judgment, as well as reasonable late fees, attorneys' fees, and costs. Both of these Defendants shall be jointly and severally liable. Plaintiff shall submit documentation of the

reasonable late fees, attorneys' fees, and costs that it seeks to recover no later than October 26, 2021. The court will also issue a writ of replevin requiring AJT Service Co. to return the leased trucking equipment to a location of Plaintiff's choosing within the continental United States and an order of foreclosure on all of Defendants AJT Service Co.'s and Mr. Kaputluoglu's assets. Plaintiff shall submit a proposed writ of replevin and a proposed order of foreclosure no later than October 26, 2021.

    IT IS SO ORDERED.

Dated this 12th day of October, 2021.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge